IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA
Civil Division

DONALD ROSS,

    Plaintiff,

Case Number: _____

v.

MERCURY ENTERPRISES, INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of Defendant, and brings this action for unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked as a laborer and was employed in a non-exempt position for Defendant and performed related, non-exempt activities for Defendant in Pinellas County, Florida.

3. Plaintiff was not paid for all the hours that Plaintiff worked for Defendant at the correct rate of pay.

4. Defendant is involved in the supply of medical equipment to medical facilities and upon information and belief, conducts business in excess of $500,000.00 annually.

5. Plaintiff was engaged by Defendant starting on approximately July 13, 2016 and

6. Plaintiff was to be paid an hourly wage. Plaintiff is not subject to any exemptions under the FLSA.

7. Plaintiff did not supervise any subservient employees.

8. Plaintiff worked for Defendant in Pinellas County, Florida as a manual laborer and also performed manual labor duties during lunch after each shift Plaintiff worked for Defendant throughout Plaintiff's employment, without being properly compensated by Defendant, as Defendant would also not allow Plaintiff to fully record all of the hours Plaintiff worked for Defendant in a given week.

9. Instead of paying lawful wages, Defendant circumvented the FLSA by failing to pay Plaintiff proper wages, including requiring Plaintiff to stay late (after scheduled shifts) and also to work through lunch and/or forbidding Plaintiff from fully recording the entirety of the time Plaintiff actually worked for Defendant in a given week throughout Plaintiff's employment with Defendant

10. Plaintiff routinely worked in excess of forty hours during multiple weeks of his employment with Defendant.

11. On various occasion, Defendant openly failed to pay Plaintiff for hours worked, even when those hours had been informally acknowledged by Defendant.

12. Plaintiff complained about not getting paid for all the time Plaintiff worked during his employment to Defendant, on June 4, 2019 and May 18, 2020 in writing. Defendant did not deny Plaintiff's claims about working time for Defendant for which Plaintiff was not paid. Thus, Defendant was openly shaving hours from the time that Plaintiff worked for Defendant on numerous occasions, in addition to Defendant routinely working Plaintiff over and above Plaintiff's given/stated work schedule and the time that Plaintiff was actually allowed to record.

13. As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA. On May 18,

2

2020, Plaintiff provided Defendant with a good faith estimate of wages owed in the amount of $6,562.50 in raw wages for the period of time between May 2018 and October 2019 which equates to approximately seventy five weeks of employment. Said amount gave Defendant the benefit of the doubt of a "half time" rate of $12.50.

14. Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct in failing to pay or even record all of the hours Plaintiff actually worked.

15. Defendant is a for profit corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore, within the jurisdiction of the Court.

16. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17. Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods and services for commerce, including facilitating customer parking and providing assistance to patients, some of which were Florida residents as well as out of state vacationers. This also would include using materials and other resources that do not originate within the State of Florida to operate a facility that is designed to assist both residents of Florida as well as those who are domiciled outside the State of Florida.

18. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

19. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Polk County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

20. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's

3

organization suggest that the Defendant are a multi-million-dollar operation. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

21. At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA.

22. Such would include Plaintiff doing hourly work as a laborer, without managerial responsibility, serving Defendant's customers as a manual laborer.

23. Plaintiff did not bear supervisory responsibility for any other employees.

24. Plaintiff did not direct the hiring and firing of any employees.

25. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way.

26. Plaintiff did not implement legal compliance measures on behalf of Defendant.

27. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during his employment.

28. Defendant's decision to pay Plaintiff less than the operative and lawful overtime wages required by law was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff as required by law.

29. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably

4

assist Plaintiff with providing even greater specificity regarding amount that Defendant shorted Plaintiff with regards to his pay.

30. Plaintiff alleges that he routinely worked time for which he was not properly paid by Defendant, including time for which Defendant made no provisions to properly record.

31. Plaintiff wrote to Defendant on June 4, 2019 and May 18, 2020 and made a lawful request for wages, but Defendant did not substantively respond nor did Defendant deny owing Plaintiff the wages that Plaintiff is seeking.

32. As Defendant has failed, refused and/or neglected to provide Plaintiff with the records Plaintiff requested, to determinate which hours constitute straight time hours and which constitute overtime hours, Plaintiff seeks to recover either or at the correct rate provided for under the law.

33. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's.

## COUNT I – RECOVERY OF UNPAID WAGES COMPENSATION

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

35. Plaintiff, was entitled to be paid his regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty.

36. During his employment with Defendant, Plaintiff, regularly worked hours for each week in which he was not paid at the correct rate of pay, as set forth above.

5

37. In Plaintiff's case, he routinely performed labor, at Defendant's specific request for the sole benefit of Defendant, and was not paid for the hours he worked nor was Plaintiff paid at the correct and lawful rate of pay as set forth above, in violation of Section 206 and/or 207 of the FLSA.

38. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, correct and sometimes premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff, has suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff, is entitled to payment of the unpaid overtime wages as well as liquidated damages under the FLSA.

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

I hereby swear and affirm that the factual allegations set forth above are true and accurate under penalty of perjury.

*(signature)*

**Donald L. Ross**

DATED this __8__ day of June 2020,

/s/ W. John Gadd
W. John Gadd
Fl Bar Number 463061
**Bank of America Building**

6

Case 8:20-cv-01503-AEP Document 1-1 Filed 07/01/20 Page 7 of 7 PageID 25

2727 Ulmerton Rd. Ste. 250  
Clearwater, FL 33762  
Tel – (727)524-6300  
Email – wjg@mazgadd.com

**/s/ Kyle J. Lee**  
Kyle J. Lee, Esq.  
FLBN: 105321  
1971 West Lumsden Road, Suite 303  
Brandon, FL 33511  
Phone: 813.343.2813  
Kyle@KyleLeeLaw.com